IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| THOMAS M. FLOWERS<br>    Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§ | |
| IN REM: ALLEGED LIEN AND/OR LEVY<br>FILER STAMPED REPRODUCTION<br>"PATTYE L. HAYWOOD",<br>    Defendant, | §<br>§<br>§<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. G-06-484 |
| SOUTHEAST EMERGENCY<br>PHYSICIAN ASSOCIATES<br>    Intervenor, | §<br>§<br>§<br>§ | |
| V. | §<br>§ | |
| UNITED STATES OF AMERICA<br>(INTERNAL REVENUE SERVICE),<br>    Defendant | §<br>§<br>§ | |

## REPORT AND RECOMMENDATION

On May 9, 2006, Plaintiff, Thomas M. Flowers, an emergency room physician, filed a civil action in a State District Court of Galveston County, Texas, seeking to invalidate Notices of Federal Tax Liens filed against him by the Internal Revenue Service (IRS) for allegedly delinquent income taxes for the years 2000 and 2001 in the aggregate amount of approximately $535,000.00. Flowers did not name the IRS as a Defendant, instead, he designated the Defendant as "In Rem: Alleged Lien and/or Levy Filer Stamped Reproduction 'Pattye L. Haywood'"; Haywood, it appears, was the Revenue Officer of the IRS who signed the Notices. In July 2006, the IRS served a Notice of Levy on Southeast Emergency Physician Associates (SEPA) for any money it

owed in wages to Flowers; the amount then owed to Flowers was approximately $22,000.00. When Flowers threatened to sue SEPA, it filed a Plea in Intervention in the state court action and named the IRS as a Defendant. Thereafter, on July 25, 2006, the United States, the real party in interest, removed the case to this Court. Flowers reacted by filing an Affidavit of Non-Acceptance of Removal from State Court which sought, *inter alia*, an Order of Dismissal of the federal case and the remand of his original action. The United States responded by asking the Court to dismiss Flowers' complaint with prejudice as a frivolous "tax protestor" action or, in the alternative, with a warning to Flowers that any new frivolous filing could result in the imposition of sanctions. On September 22, 2006, this Court held a Hearing to give Flowers an opportunity to Show Cause why his complaint should not be dismissed with prejudice. Flowers and the United States, through counsel, appeared at the Hearing; the Intervenor did not. Now, having carefully reviewed the file and having considered the arguments of the Parties, this Court issues this Report and Recommendation to the District Court.

Flowers argues that removal of this action was improper because the tax liens, filed pursuant to the Texas Property Code, affect only state property and a federal court, therefore, lacks subject matter jurisdiction. In the opinion of this Court, Flowers is wrong. Generally, 28 U.S.C. § 1331 provides that the federal district courts have original jurisdiction of all civil actions arising under the Constitution or laws of the United States. The Sixteenth Amendment to the United States Constitution provides for the collection of income taxes and Title 26 of the United States Code implements the collection procedures. More specifically, 28 U.S.C. § 1340 provides that federal district courts shall have original jurisdiction over any civil action arising under any Act of Congress providing for the collection of Internal Revenue, which is exactly what this case

is about.  And, finally, 28 U.S.C. § 1442(a) provides that any civil action commenced in a state court against the United States, an agency thereof, any officer thereof, or person acting under that officer, on account of any acts taken to enforce any right, title or authority claimed under any Act of Congress for the collection of revenue may be removed to the federal district court of the United States for the District and division embracing the place where the state court action is pending.  In the instant case, Flowers is simply attempting to thwart efforts of the United States, through the IRS, to collect revenue it believes is owed; clearly, the District Court has jurisdiction over this removed action.

      The only legitimate question remaining is the proper disposition of this cause.  Since the United States and the Intervenor are before the Court, Flowers is not entitled to voluntarily dismiss his complaint without permission of the Court.  <u>See</u> Fed.R.Civ.P. 41(a)(2)    The Government apparently has no present interest in pursuing a judgment against Flowers given the lengthy applicable statute of limitations, so it does not mind allowing Flowers to dismiss his complaint as long as it is dismissed with prejudice to its being refiled or with an appropriate warning.  Were it not for the Intervenor, this Court might appease the Government, although the Court is somewhat hesitant to accept, at this juncture, the Government's characterization of Flowers' complaint as frivolous.  But, the Intervenor has already expended funds to protect itself and its presence in this action creates a logistical and equitable problem.  If the case is dismissed, the Intervenor will still be in the position of holding funds subject to the competing interests of Flowers and the United States; it will be forced to initiate new, costly litigation or await the inevitable next round of litigation between them.  On the other hand, if this cause is retained on

the Court's docket, expanded to cover all potential claims and defenses, and decided on the merits, the interests of all of the litigants will be resolved without any undue delay or expense.

It is, therefore, the **RECOMMENDATION** of this Court that the Motion (Instrument no. 8) of Plaintiff, Thomas M. Flowers, to dismiss and/or remand this cause be **DENIED**.

It is the further **RECOMMENDATION** of this Court that the request of the United States that this action be dismissed with prejudice or subject to sanctions be **DENIED**.

It is the further **RECOMMENDATION** of this Court that this action be **RETAINED** on the docket of the District Court and disposed of on the merits.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **October 20, 2006** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Failure to file written objections within the prescribed time **SHALL** bar the Parties from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____3rd_____ day of October, 2006.

John R. Froeschner
United States Magistrate Judge